UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC MILLER, | Case No. 1:12-cv-0137 LJO SAB |
| Plaintiff, | AMENDED ORDER RE: STIPULATIONS RE: TRIAL EVIDENCE |
| v. | |
| HANFORD POLICE OFFICER STEVE SCHMITZ, et al., | (Doc. 68) |
| Defendants. | |
| _____ / | |

On October 9, 2013, the parties submitted 16 stipulations regarding trial evidence. The Court has reviewed the stipulations and approves all of them except for Stipulation Nos. 9 and 10. Under Stipulation No. 9, the parties propose that each party be allowed five peremptory challenges during jury selection. Yet pursuant to 28 U.S.C. § 1870, each party is only entitled to three peremptory challenges, and the parties have provided no authority or cause for departing from § 1870.[1] Similarly, the Court does not see good cause for approving Stipulation No. 10.

Accordingly, only the following stipulations are approved:

1. During the initial introductory phases of the trial, as well as during jury selection and the remainder of the trial itself, only the defense counsel actively participating in the

---

[1] While Defendant Schmitz and Defendant City of Hanford are distinct parties, the Court considers them to be a single party for the purposes of peremptory challenges. See 28 U.S.C. § 1870 ("Several defendants . . . may be considered as a single party for the purposes of making challenges.")

1

trial proceedings need be introduced to and identified for the jury. The defense counsel introduced and identified also shall be disclosed as attorneys with the firm of McCormick Barstow LLP.

2. Witnesses shall be excluded from the courtroom, until after they have been released, or after the parties have rested.

3. Only witnesses disclosed and identified during the discovery process shall be allowed to testify at trial. The only exception shall be for rebuttal witnesses, so long as it is proven that any such witnesses are truly rebuttal witnesses who did not have to be disclosed and identified during discovery.

4. Only documents and things disclosed during the discovery process shall be allowed as evidence at trial. The only exception shall be for rebuttal evidence, so long as it is proven that any such evidence is truly rebuttal evidence that did not have to be disclosed during discovery.

5. Consistent with Federal Rule of Evidence 608, evidence of the truthfulness of a witness shall only be allowed after that witness has been impeached with evidence of untruthfulness.

6. No reference to or evidence of settlement negotiations shall be allowed.

7. Plaintiff's counsel shall not make any inquiry, comment or argument before the jury to suggest the jury should calculate plaintiff's damages according to the amount the jurors believed they would be personally entitled to as recompense for similar injuries.

8. Neither party shall make reference to the summary judgment proceedings, or the Court's summary judgment ruling, before the jury.

11. Defendant Officer Schmitz shall produce his original investigative notes and notebooks for trial, to the extent they still exist.

12. Neither party shall refer to or attempt to introduce evidence of Michael Signorile's remote failure to appear in Sacramento County Superior Court.

13. Neither party shall be allowed to introduce evidence on issues concerning which party failed to respond to discovery on the basis of privilege.

14. The use of the plaintiff's photo lineup or warrantless arrest notice shall be accompanied by an advisement to the jury that plaintiff's photo is from the Department of Motor Vehicles and is not a mug shot.
15. The defense will not argue or suggest that defendant Officer Schmitz will have to pay any judgment against him personally.
16. No evidence of or reference to the result of any internal affairs or municipal civil liability investigation shall be allowed at trial.

IT IS SO ORDERED.

Dated:   **October 10, 2013**                    **/s/ Lawrence J. O'Neill**
                                                                UNITED STATES DISTRICT JUDGE