UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC MILLER,<br><br>       Plaintiff,<br><br>   v.<br><br>STEVEN JOHN SCHMITZ, et al.,<br><br>       Defendants.<br>_____/ | Case No. 1:12-cv-0137 LJO SAB<br><br>ORDER ON THE PARTIES' MOTIONS IN LIMINE<br><br>(Docs. 65-67) |

Now pending before the Court are the parties' motions in limine. Having reviewed the parties' submissions, the Court rules on the motions in limine as follows.

**A.    Plaintiff's Motions in Limine**

   **1.    Opinions Regarding Legal Issues**

Plaintiff seeks to preclude Defendants from eliciting opinions and testimony from expert or lay witnesses regarding legal issues such as: (1) probable cause; (2) whether there was sufficient evidence to support a conviction; (3) the exculpatory nature of a given piece of evidence; and (4) various legal terms and definitions. Plaintiff argues that these matters are for either the Court or the jury to decide and that testimony on these issues would be unfairly prejudicial to Plaintiff.

This motion in limine is GRANTED IN PART and DENIED IN PART as follows. Experts may not opine as to whether there was, in fact, probable cause supporting Plaintiff's arrest. That is an ultimate conclusion of law that an expert witness may not offer an opinion on. See Torres v. City of Los Angeles, 548 F.3d 1197, 1214 n.11 (9th Cir. 2008) (the district court abused its discretion when it denied a motion in limine seeking to preclude witnesses from testifying as to whether there was in fact probable cause for an arrest); Estes v. Moore, 993 F.2d 161, 163 (8th Cir. 1998) (expert witnesses may

1

not opine on whether probable cause existed). However, an expert witness may offer opinions on any underlying matter that may be relevant to determining probable cause. For example, an expert witness may testify on the standards and procedures regarding photograph identification, but the witness may not take the additional step of opining that probable cause did or did not in fact exist because of certain aspects of the photograph identification.[1] See Burkhart v. Washington Metro Area Transit Auth., 112 F.3d 1207, 1212-13 (D.C. Cir. 1997) ("[A]n expert may offer his opinions as to the facts that, if found, would support a conclusion that the legal standards at issue was satisfied, but he may not testify as to whether the legal standard has [in fact] been satisfied.").

Lay witnesses are also precluded from opining as to whether there was, in fact, probable cause supporting Plaintiff's arrest. See Torres, 548 F.3d at 1214 n.11. A lay witness may, however, testify that, during the course of events that give rise to this action, he personally believed that probable cause existed for Plaintiff's arrest or that he personally believed that the evidence at hand warranted criminal prosecution. In the case of Officer Schmitz, such testimony may be relevant to his motives and intent. In the case of the prosecutors, such testimony is relevant to causation and establishing the presumption of prosecutorial independence.

Plaintiff suggests that allowing a lay witness to testify as to whether he personally believed that probable cause existed would be overly prejudicial to Plaintiff. Plaintiff fears that the jury will simply substitute a witnesses' opinion regarding probable cause, particularly one of the prosecutor witnesses' opinions, for that of its own. Plaintiff's concerns are unfounded. The essence of Plaintiff's malicious prosecution claim is that the prosecutors were *not aware* of certain facts that would have been material to their determination of probable cause. See Harper v. City of Los Angeles, 533 F.3d 1010, 1028 (9th Cir. 2008); Barlow v. Ground, 943 F.2d 1132, 1137 (9th Cir. 1991). *A priori*, whatever conclusion a prosecutor may have reached with respect to probable cause in the past has no bearing on whether the jury should find probable cause now; the totality of circumstances presented to the prosecutors in the past will necessarily be different from the totality of circumstances being presented to and considered by the jury at trial.

---

[1] The use of legally charged terms such as "exculpatory" shall also be avoided.

Lastly, the parties are precluded from defining legal terms or suggesting statements of law that are in tension with the Court's jury instructions.

### 2. Testimony Regarding the Credibility of Other Witnesses

Plaintiff seeks to preclude Defendants from offering testimony concerning the credibility (or lack thereof) of other witnesses. Plaintiff stresses that credibility determinations are the sole province of the jury.

This motion in limine is GRANTED IN PART and DENIED IN PART. Defendants may not elicit testimony from their witnesses as to whether *the jury* should find another witness credible or not. That would amount to improper opinions regarding credibility. See United States v. Binder, 769 F.2d 595, 602 (9th Cir. 1985). However, nothing precludes Defendants from eliciting testimony from their witnesses as to whether *that witness*, during the course of events that give rise to this action, believed another person to be credible or not. Such testimony may be relevant in establishing why the witness acted in the way he or she did.

For example, Officer Schmitz may not testify that another person was in fact credible or opine that the jury should find another witness credible. Nor may an expert witness. See Nimely v. City of New York, 414 F.3d 381, 398 (2d Cir. 2005) ("[E]xpert opinions that constitute evaluations of witness credibility, even when such evaluations are rooted in scientific or technical expertise, are inadmissible under Rule 702.") (citations omitted); United States v. Candoli, 870 F.2d 496, 506 (9th Cir. 1989) ("An expert witness is not permitted to testify specifically to a witness' credibility or to testify in such a manner as to improperly buttress a witness' credibility."). However, Officer Schmitz may testify at trial that during his investigation he personally found a witness credible, which is why he took certain actions such as recommending the filing of criminal charges against Plaintiff. Such testimony would be properly based on Officer Schmitz's percipient knowledge and experience and would be relevant to Officer Schmitz's motives and intent.

### 3. Plaintiff's Prior Misdemeanor Conviction

Plaintiff seeks to preclude Defendants from offering evidence at trial relating to a misdemeanor that Plaintiff pleaded no contest to on March 4, 1997. Defendants do not contest this motion in limine. It is therefore GRANTED.

3

### 4. "Improper Comments" by Counsel or Witnesses

Plaintiff seeks to prevent Defendants' counsel and witnesses from making improper comments, including comments that are intended to bolster the credibility of another witness, during all phases of trial except closing argument.

This motion in limine is GRANTED IN PART and DENIED IN PART. To the extent that Plaintiff seeks to preclude Defendants' counsel from making comments or eliciting testimony intended to bolster or undermine the credibility of another witness in an improper manner, the motion in limine is GRANTED for the same reasons discussed with respect to Plaintiff's Motion in Limine No. 2. To the extent that Plaintiff seeks to preclude Defendants' counsel and witnesses from making any other improper comments, the motion in limine is DENIED because it is too vague to warrant relief at this time.[2] See Feezor v. Golden Bear Restaurant Group, Inc., 2:09-cv-3324-GEB-CMK, 2012 U.S. Dist. LEXIS 97074, at *2 (E.D. Cal. July 12, 2012) (denying motion in limine because it was unclear what evidence or matters were actually at issue).

### 5. Encouragement to File Suit

Plaintiff seeks to preclude Defendants from, without a prior offer of proof, offering evidence or making comments suggesting that Plaintiff was pressured into filing this lawsuit. Plaintiff argues that Defendants must establish a good-faith basis for such evidence.

This motion in limine is DENIED. Evidence suggesting that Plaintiff was pressured into filing this lawsuit may go to the issue of Plaintiff's motives, bias, and credibility. It is therefore improper to preclude Defendants from exploring this matter altogether. To the extent that Plaintiff is concerned with any unnecessary, inflammatory comments that may be made by Defendants' counsel during trial, nothing precludes Plaintiff from objecting at that time.

### 6. Testimony by Guerin Provini

Plaintiff seeks to preclude Defendants' expert, Guerin Provini, from testifying. Plaintiff argues that Defendants did not timely disclose Mr. Provini as an expert, and therefore he should be precluded

---

[2] It should already go without saying that the parties are expected to conduct themselves with decorum as officers of the Court. Should that not occur, it is done at counsel's own peril. The Court does not waste time in a jury trial by excusing the jury to point out to counsel what an officer of the Court should already know. Such a reminder would be public.

from testifying under Federal Rule of Civil Procedure 37(c).

This motion in limine is DENIED. Under Rule 37(c)(1), if an expert is not timely disclosed in accordance with Federal Rule of Civil Procedure 26, the expert may not supply evidence at trial unless the improper disclosure was "substantially justified or is harmless." Here, assuming without deciding that Defendants' disclosure of Mr. Provini as an expert was untimely, the belated disclosure appears to be harmless. First, as Plaintiff himself points out, Mr. Provini's expert opinions are, for the most part, the same as Plaintiff's own expert, Ron Calhoun. Second, Plaintiff was provided with Mr. Provini's expert report and has already deposed Mr. Provini on the opinions expressed therein.

### 7. Officer Schmitz's Illness

Plaintiff seeks to preclude Defendants from offering evidence that Officer Schmitz was sick on February 24, 2010 and off work the next three days. Plaintiff maintains that this evidence is irrelevant and overly prejudicial to Plaintiff.

This motion in limine is DENIED. Evidence of Officer Schmitz's illness may help Defendants show what Officer Schmitz knew during this timeframe and why he did not investigate or know about certain matters. For example, if Michael Signorile testifies at trial that he spoke with a police officer on February 25, 2010, yet Officer Schmitz did not work that day, this may help Defendants prove that Officer Schmitz was never aware of Mr. Signorile's allegedly exculpatory statements. Moreover, the potential relevance of this evidence is not substantially outweighed by Plaintiff's fear that the jury will be overly sympathetic for Officer Schmitz.[3] Preclusion under Federal Rules of Evidence 401 and 403 is therefore unwarranted at this time.

### 8. References to Friendships With Michael Signorile

Plaintiff seeks to preclude Defendants from offering evidence, without a prior offer of proof, suggesting that Plaintiff or a member of Plaintiff's family is friends with Michael Signorile. Plaintiff insists that there must be a good-faith basis for such evidence.

This motion in limine is DENIED. This evidence may be relevant to Mr. Signorile's bias. It is

---

[3] Defendants represent that they have no intention of offering evidence of Officer Schmitz's illness as an "excuse" or to suggest that it limited Officer Schmitz's overall ability to conduct his investigation. (Doc. 71 at 23.) Defendants will be held to that representation.

therefore improper to preclude Defendants from exploring this issue altogether at this time. If during trial Defendants spend unnecessary amounts of time on this issue or Defendants' line of questioning is otherwise unduly prejudicial to Plaintiff, Plaintiff may raise a proper objection then.

### 9. Defendants' Affirmative Defenses

Plaintiff seeks to preclude Defendants from offering evidence as support for any affirmative defense. Plaintiff argues that Defendants essentially waived any affirmative defense when they filed their answer in an untimely fashion.

This motion in limine is DENIED. Plaintiff has not demonstrated that he has been prejudiced by Defendants' untimely answer and assertion of various affirmative defenses. Plaintiff asserts that he designated his experts and completed most of his discovery prior to the filing of Defendants' answer. But even if this is true, Plaintiff does not explain how he would have done anything differently had he been aware of Defendants' answer and affirmative defenses earlier. Notably, Plaintiff did not attempt to reopen expert discovery or move to strike Defendants' affirmative defenses when Defendants first filed their untimely answer.

### 10. Ivan Hurd's Personal History

Plaintiff seeks to preclude Defendants from mentioning or offering evidence pertaining to Ivan Hurd's personal litigation and employment history. Plaintiff argues that such evidence is irrelevant to this case, is unduly prejudicial to Plaintiff, and would be a waste of time.

This motion in limine is DENIED. If Plaintiff calls Mr. Hurd as a witness, this evidence may be relevant to Mr. Hurd's bias and to the manner in which he conducted his investigation in this case. Preclusion under Federal Rules of Evidence 401 and 403 is premature at this point.

### 11. Testimony from "Percipient Experts"

Plaintiff seeks to preclude "percipient experts" from offering opinions outside their percipient roles and from responding to hypothetical questions seeking expert opinions. Plaintiff suggests that such testimony is subject to exclusion under Federal Rule of Civil Procedure 37(c)(1) because these witnesses have not provided expert reports, which they are required to do pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

This motion in limine is DENIED. Although the Court agrees with the general proposition that

witnesses must provide an expert report under Rule 26(a)(2)(B) to the extent that they intend to offer expert opinions, see Goodman v. Staples, 644 F.3d 817, 825-26 (9th Cir. 2011), this motion in limine is too broad and vague to warrant any preclusion at this time.

### 12. Whether Officer Schmitz Physically Arrested Plaintiff

Plaintiff seeks to preclude Defendants from offering evidence or arguing that Officer Schmitz did not physically arrest Plaintiff. Plaintiff maintains that such evidence is irrelevant because the law makes it clear that even if a peace officer did not physically arrest the suspect, the officer may be held liable for his investigation of the matter.

This motion in limine is GRANTED IN PART and DENIED IN PART. Defendants will not be precluded from establishing at trial the fact that Officer Schmitz did not physically arrest Plaintiff. That fact is relevant background information, and that fact alone does not threaten any undue prejudice to Plaintiff. Defendants may not, however, take the additional step and elicit evidence or suggest that (1) Officer Schmitz may not be held liable for Plaintiff's arrest simply because he did not physically arrest Plaintiff; or (2) the Lemoore Police Department bears legal responsibility for Plaintiff's arrest because officers from that police department were the ones who physically executed Plaintiff's arrest. Such amounts to prejudicial, incorrect statements of the law.[4]

### 13. Ronald Silva's Involvement in This Case

Plaintiff seeks to preclude Defendants from referring to the fact that (1) Ronald Silva was once a defendant in this lawsuit; and (2) the parties settled the claims asserted against Mr. Silva for $35,000. Plaintiff argues that without a prior offer of proof these facts are irrelevant and prejudicial to Plaintiff and should be excluded under Federal Rules of Evidence 401 and 403.

This motion in limine is DENIED. Evidence of Mr. Silva's prior involvement in this case and the parties' settlement agreement may be relevant to Mr. Silva's motives and bias. Defendants should be allowed to explore this issue. Again, if during trial Defendants spend unnecessary amounts of time on this issue or Defendants' line of questioning is unduly prejudicial to Plaintiff, Plaintiff may raise a proper objection then.

---

[4] To the extent that they believe necessary, the parties are free to craft a jury instruction to clarify any potential jury confusion on this issue.

7

**14.     Responsibility of the District Attorney's Office and/or Ronald Silva**

Plaintiff seeks to preclude Defendants from arguing at trial that the District Attorney's Office or Ronald Silva were responsible in some way for Plaintiff's criminal charges.  Plaintiff maintains that comparative fault is inapplicable to federal constitutional torts.

This motion in limine is GRANTED IN PART and DENIED IN PART.  To the extent that Defendants seek to assert an affirmative defense for either comparative fault or indemnification, they are precluded from doing so.  Concepts of comparative fault or indemnification are not applicable in actions filed under 42 U.S.C. § 1983.  See Quezada v. County of Bernalillo, 944 F.2d 710, 721 (10th Cir. 1991) (no comparative fault or negligence); Banks v. Emeryville, 109 F.R.D. 535, 539 (N.D. Cal. 1985) (no contribution or indemnity).  See also Henderson v. Turner, Civil. Action No. 11-39 Section C(4), 2012 U.S. Dist. LEXIS 106630, at *5 (M.D. La. July 31, 2012) (granting motion in limine to bar comparative fault with respect to § 1983 claims); Hall v. City of Fairfield, 2:10-cv-00508-GEB-DAD, 2012 U.S. Dist. LEXIS 40256, at *11 (E.D. Cal. Mar. 23, 2012) (disallowing affirmative defense for comparative fault where the plaintiff did not assert a sufficient underlying state law claim).  Therefore, the jury may not be asked to apportion fault in this case.

With that said, nothing precludes Defendants from contesting causation as a whole in this case.  Traditional tort law principles of causation apply to claims asserted under § 1983, Galen v. County of Los Angeles, 477 F.3d 652, 663 (9th Cir. 2005), and a plaintiff must establish both causation in fact and proximate cause (i.e., legal cause) in order to prevail.  Arnold v. International Business Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  Thus, in this respect, Defendants are free to argue to the jury that the District Attorney's Office's decisions constitute the sole legal cause of Plaintiff's injuries.  Although Plaintiff maintains that Defendants do not have sufficient evidence to support this theory of defense, the Court declines to reach that issue on a motion in limine given the limited record currently before the Court.  It is sufficient to say at this time that nothing precludes Defendants from pursuing such an argument at trial.

///
///
///

**B.     Defendants' Motions in Limine[5]**

**1.     Evidence From Witnesses That Was Not Provided to Officer Schmitz During His Investigation**

Defendants seek to preclude Plaintiff from offering evidence from witnesses to the February 17, 2010 "incident" that was not provided to Officer Schmitz during his investigation. This includes testimony and witness statements from Gravance, Nash, and Freemyers. In Defendants' view, because this evidence was not provided to Officer Schmitz during his investigation, it is irrelevant to probable cause. Defendants contend that allowing Plaintiff to offer this evidence would therefore be a waste of time and would only confuse the jury.

This motion in limine is DENIED. While the Court agrees with Defendants that a critical question in this case is what information Officer Schmitz was personally aware of at the time he issued his police report and recommended Plaintiff's arrest (i.e., the presence or absence of probable cause), another issue in this case is whether the criminal charges filed against Plaintiff were terminated in his favor. See Sagonowsky v. More, 64 Cal. App. 4th 122, 128 (Ct. App. 1998) (listing the elements of a malicious prosecution claim). In other words, Plaintiff must establish that the criminal charges filed against him were terminated in a manner that reflects his innocence. See id. ("Termination of the prior proceeding is not necessarily favorable simply because the party prevailed in the prior proceeding; the termination must relate to the merits of the action by reflecting either on the innocence of or lack of responsibility for the misconduct alleged against him."). The testimony and statements of Gravance, Nash, and Freemyers, which were provided to Deputy District Attorney Sarah Hacker and corroborate Plaintiff's assertion that he did not attack Ronald Silva on February 17, 2010, is relevant to this issue.[6]

---

[5] Defendants raise two general requests in addition to their specific motions in limine. (See Doc. 66 at 1.) The Court rules on these requests as follows. First, Defendants' request that the parties refrain from referring to these motions in limine in any way in front of the jury is DENIED. The Court will not hold a sidebar each time a party objects to evidence based on the Court's motion in limine rulings. The parties are free to agree to some other, less cumbersome way to object to evidence based on the Court's motion in limine rulings. Second, Defendants' request that the Court "scrutinize and correct" all documents that go before the jury to make sure that they are consistent with the Court's motion in limine rulings is DENIED. That obligation belongs to the parties, not the Court.

[6] While Defendants are prepared to establish this by way of stipulation, Plaintiff is not, and the Court is not aware of any authority requiring Plaintiff to accept Defendants' offer to stipulate.

Preclusion of this evidence is therefore unwarranted under Federal Rule of Evidence 401 or 403. To the extent that Defendants are concerned that the jury will confuse and conflate evidence going toward favorable termination with evidence going toward probable cause, they are free to submit limiting jury instructions on the issue.

**2.     Undisclosed Expert Opinions**

Defendants seek to preclude Plaintiff's expert witnesses from offering opinions on matters that were not disclosed in their respective expert reports or expressed during their respective depositions. Plaintiff largely agrees and represents that he has no intention of eliciting expert opinions that were not disclosed in the expert's report or deposition.[7] This motion in limine is therefore GRANTED.

**3.     Matters Outside an Expert's Designated Expertise**

Defendants seek to preclude Plaintiff's expert witnesses from offering opinions on matters that are outside the expert witnesses' designated areas of expertise. Plaintiff, in turn, offers no substantive opposition and represents that he has no intention of eliciting such testimony during trial. This motion in limine is therefore GRANTED.

**4.     Undisclosed Expert Materials**

Defendants seek to preclude Plaintiff's expert witnesses from testifying as to any materials that were not contained in their respective expert reports or expressed during their respective depositions. This motion in limine is GRANTED. To rule otherwise would be to ignore Defendants' right to, and the results of, discovery.

**5.     Ronald Silva's Prior Incidents of Violence**

Defendants seek to preclude Plaintiff from offering evidence of prior incidents of violence that involve Ronald Silva and do not relate to the alleged assault on February 17, 2010. Defendants argue that such evidence constitutes impermissible character evidence, is irrelevant to Plaintiff's claims, and would only waste time and confuse the jury.

This motion in limine is GRANTED IN PART and DENIED IN PART. Plaintiff may inquire

---

[7] Plaintiff only objects to the motion in limine to the extent that it attempts to limit Plaintiff's experts' opinions to their deposition testimony. But the motion in limine does not go so far; it only precludes Plaintiff's experts from offering opinions not disclosed in their deposition testimony *or* expert reports.

into Mr. Silva's altercation with Mike Davis at Chili's, which occurred on a different occasion from the alleged assault on February 17, 2010. There is evidence that Mr. Silva may be conflating the two incidents in his mind, and if this is true, this matter is relevant to Mr. Silva's memory and credibility. As for any other prior incident of violence, such as alleged workplace bullying by Mr. Silva, Plaintiff is precluding from introducing such evidence at trial. The probative value of that evidence, assuming there is any, is substantially outweighed by the danger of confusing the issues for the jury and wasting time. See Fed. R. Evid. 403.

**6.    Other Police Investigations by Officer Schmitz or the City of Hanford**

Defendants seek to preclude Plaintiff from offering evidence of other police investigations by Officer Schmitz or the City of Hanford. Defendants argue that (1) Plaintiff's experts lack specialized knowledge of police practices in this specific location; and (2) the manner in which Officer Schmitz or police officers of the Hanford Police Department conducted *other* police investigations is irrelevant as to how complete Officer Schmitz's investigation was in this case.

This motion in limine is DENIED. First, Plaintiff's expert, Darrell York, is qualified to opine on California police procedures and practices. Mr. York has been a police officer with the Glendale, California Police Department for nearly 24 years and is certified in basic, intermediate, and advanced training in California's Commission on Police Officer Standards and Training ("POST"). (Doc. 67-7 at 9.) The fact that Mr. York is not trained in police practices specific to the City of Hanford does not completely disqualify Mr. York as an expert.[8] Cf. United States v. Hirschberg, 988 F.2d 1509, 1514 (7th Cir. 1993) (district court did not abuse discretion when it precluded an expert in police practices in *Illinois* from opining on police practices in *Florida*).

Second, police investigations in other, similar matters may help Plaintiff establish malice and intent. The manner in which other police investigations were conducted during similar matters, along with other evidence regarding POST and the City of Hanford's training materials, may enable Plaintiff to establish a general standard of care. If Plaintiff can then show that Officer Schmitz's actions were a gross departure from that general standard of care, this may demonstrate malice and intent. Complete

---

[8] It is this Court's experience that the standard of care for police departments throughout California are consistent with POST.

11

preclusion of this evidence is therefore unwarranted at this time.[9]

### 7. All Other Police Investigations

Defendants seek to preclude Plaintiff from offering evidence of any other police investigation. Defendants largely reiterate the arguments they raised with respect to Defendants' Motion in Limine No. 6. This motion in limine is therefore DENIED for the same reasons set forth above in connection with Defendants' Motion in Limine No. 6.

### 8. Expert Opinions Regarding Ronald Silva's Injuries

Defendants seek to preclude Plaintiff's medical experts from offering opinions as to whether Ronald Silva's injuries were, in fact, consistent with the mechanism of injury described by Mr. Silva and conveyed to Officer Schmitz. Defendants maintain that these opinions are irrelevant to Plaintiff's claims in this case.

This motion in limine is DENIED. Testimony by Plaintiff's medical experts that the injuries seen immediately after the alleged assault on February 17, 2010 or in the photographs taken later of Mr. Silva were entirely inconsistent with what Officer Schmitz reported may help Plaintiff establish malice or intent. To the extent that Defendants are concerned that the jury will be led to believe that Officer Schmitz is expected to exercise medical knowledge in determining probable cause, they may propose a limiting jury instruction on the matter.

IT IS SO ORDERED.

Dated:   **October 23, 2013**                    **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES DISTRICT JUDGE

---

[9] With that said, Plaintiff is forewarned that the Court has no intention of allowing him to review and analyze countless police investigations. If at any point the Court feels that the general standard of care has been established, the Court will not hesitate to instruct Plaintiff to move to on. The Court will also be receptive during trial to objections raising the same concerns.

Lastly, on a different note, Defendants request that Plaintiff be precluded from suggesting to the jury that Defendants failed to produce other police investigations by Officer Schmitz during discovery. This request is GRANTED.