UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC MILLER,<br><br>            Plaintiff,<br><br>     v.<br><br>HANFORD POLICE OFFICER STEVE SCHMITZ, et al.,<br><br>            Defendants.<br>_____ / | Case No. 1:12-cv-0137 LJO SAB<br><br>TENTATIVE RULING ON THE PARTIES' PROPOSED SPECIAL VERDICT FORMS<br><br>(Docs. 82 & 89) |

The Court tentatively rules on the parties' proposed special verdict forms as follows:

1. Defendants' Proposed Question Nos. 1, 2, and 3 track the elements of Plaintiff's malicious prosecution claim as outlined in Joint Jury Instruction No. 33. These instructions are therefore generally accepted,[1] with one major modification. Defendants' Proposed Question No. 1 will be modified so that if the jury answers "No" to the question, the jury will be instructed to sign, date, and return the verdict form; the jury will *not* be asked to proceed to the question regarding expungement of records. Unless the parties are able to explain otherwise, it appears that Plaintiff's expungement

---

[1] As with all proposed special verdict questions, the Court may alter the precise wording of these questions as it sees fit. The parties will be provided a draft special verdict at the outset of trial, and the parties may request further alterations if necessary.

1

of records claim necessarily fails if the jury finds that Officer Schmitz had probable cause to arrest Plaintiff in Defendants' Proposed Question No. 1.

2. Defendants' Proposed Question No. 6 (independent prosecutorial immunity) is generally accepted, with two major modifications. First, language will be added to make it clear that Defendants are the ones who bear the ultimate burden of persuasion regarding prosecutorial independence. Second, this question will be given *after* the question on intent to deprive Plaintiff of his Fourth Amendment Rights (Defendants' Proposed Question No. 3) and *before* the parties' joint proposed question on whether Officer Schmitz's conduct was a substantial factor in causing Plaintiff harm. This order seems more logical.

3. All the parties' joint proposed questions are generally accepted, with one major modification. The parties' joint proposed question regarding punitive damages will (1) be modified so that "fraudulent" is omitted; and (2) refer to "punitive damages" as "further damages" instead. It is this Court's practice to avoid using the term "punitive damages" in jury instructions and verdict forms.

IT IS SO ORDERED.

Dated:   **November 14, 2013**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

2