UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC MILLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HANFORD POLICE OFFICER STEVE SCHMITZ, et al.,<br><br>　　　　Defendants.<br>――――――――――――――――――――/ | Case No. 1:12-cv-0137 LJO SAB<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST<br><br>(Doc. 117) |

Now before the Court is Plaintiff Isaac Miller's ("Plaintiff's") motion for prejudgment interest. Defendants Officer Steve Schmitz and the City of Hanford (collectively "Defendants") have opposed the motion, and Plaintiff has replied. Having carefully considered the parties' submissions, and for the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for prejudgment interest.

I.   BACKGROUND

　　A.   Relevant Procedural History

This action concerns Plaintiff's claims for malicious prosecution against Officer Schmitz under 42 U.S.C. § 1983 and expungement of arrest records against the City of Hanford. This case was tried before a jury, and on November 27, 2013, the jury returned a verdict in Plaintiff's favor in the amount

1

of $500,000 in compensatory damages. The award was offset by $35,000 per the parties' stipulation, resulting in a net award of $465,000 in damages. The Court also ordered Plaintiff's arrest records be expunged. Judgment was entered on December 2, 2013.

### B. The Instant Motion

On December 4, 2013, Plaintiff filed the now pending motion for prejudgment interest. In the motion, Plaintiff contends that the Court should award him prejudgment interest on the $500,000 that the jury awarded him. Plaintiff argues further that an annual interest rate of 0.34% should be applied from March 4, 2010 to December 2, 2013. Plaintiff asserts that this results in an award of $6,371.60 in prejudgment interest.

Defendants filed an opposition to the motion on December 23, 2013. Defendants contend that Plaintiff should not be awarded prejudgment interest because he has already been fully compensated by the jury's verdict. In the alternative, Defendants argue that Plaintiff's calculation of prejudgment interest is excessive. Defendants maintain that any prejudgment interest should be (1) based on the $465,000 net damages award (2) with a 0.13% annual interest rate (3) running from January 29, 2012 to December 2, 2013. According to Defendants' calculations, this results in an award of $1,114.70 in prejudgment interest.

On December 26, 2013, Plaintiff filed a reply. Therein, Plaintiff reasserts that the Court should award him prejudgment interest but concedes that his initial calculation was excessive. Plaintiff now contends that prejudgment interest should be (1) based on the $465,000 net damages award (2) with a 0.30% annual interest rate (3) running from February 6, 2011 to December 2, 2013. This, according to Plaintiff, results in an award of $3,944.65 in prejudgment interest.

## II. DISCUSSION

### A. Whether Plaintiff Should be Awarded Prejudgment Interest

Whether an award of prejudgment interest is warranted rests within the sound discretion of the trial court. United States v. California Bd. of Equalization, 650 F.2d 1127, 1132 (9th Cir. 1981). The court's discretion is generally guided by the interest in making the wronged party whole (i.e., complete compensation), as well as considerations of fairness. Id.; see Osterneck v. Ernst & Whinney, 489 U.S. 169, 176 (1989).

Plaintiff has an interest in obtaining prejudgment interest to complete the compensation that the jury has awarded him. Prejudgment interest "serves to compensate [the prevailing wronged party] for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." Schneider v. County of San Diego, 285 F.3d 784, 789 (9th Cir. 2002) (quoting West Virginia v. United States, 479 U.S. 305, 311 n.2 (1987)). In other words, "[p]rejudgment interest is awarded so that the award will reflect the present value of the plaintiff's claim." United States Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1106 (9th Cir. 1985). Here, Plaintiff has an interest in receiving the time value of his damages award. The fact that Plaintiff's damages is composed of some, or all, non-economic damages (i.e., emotional distress) does not change this. See Barnard v. Theobald, 721 F.3d 1069, 1078 (9th Cir. 2013) (prejudgment interest is available on an award for non-economic damages, just as it is for an award of economic damages).

Defendants argue that there is no need to compensate Plaintiff for prejudgment interest because the jury likely already accounted for prejudgment interest when it rendered its verdict. As support for their argument, Defendants point to the jury instruction and verdict question on damages and note that they are written in the present tense. For example, the verdict reads: "What sum of money, if any, has [Plaintiff] proved by a preponderance of the evidence would fairly and reasonably compensate him for his damages proximately caused by Officer Schmitz?" (Doc. 114, Question No. 7.) Defendants argue that the most reasonable inference to be drawn from this is that the damages the jury awarded were fair and reasonable *as of the date of the verdict*. In other words, according to Defendants, the jury's award was given in present value terms and thus subsumed any prejudgment interest.

Although one district court in this circuit has in the past relied on this reasoning, see Murphy v. City of Elko, 976 F. Supp. 1359 (D. Nev. 1997), this Court is not convinced that this reasoning should be applied in this case. In this case, the jury instruction regarding damages was modeled after Ninth Circuit Model Jury Instruction 5.1. There is no indication (and it seems highly unlikely) that the Ninth Circuit's basic instruction regarding damages was ever intended to incorporate and reflect concepts of prejudgment interest. As for the verdict form, it asks for the amount of damages that Plaintiff *proved by a preponderance of the evidence*. Plaintiff offered no evidence pertaining to prejudgment interest;

there is nothing to suggest that Plaintiff's damages request was pre-calculated to include prejudgment interest; and the jury was never given instructions on this matter.  Defendants' argument that it should be presumed that the jury fully accounted for prejudgment interest in its award therefore also presumes that the jury erred.  The Court declines to jump to such a presumption.  See Calabrese v. Square D Co., Case No. 97 C 2199, 2000 U.S. Dist. LEXIS 4307, at *22 (N.D. Ill. March 23, 2000) ("First, the Court finds that prejudgment award is appropriate as nothing indicates that the jury took into account the time-value of money in determining damages.  The jury was not instructed to take into account such a factor and the Court, on the basis of mere speculation, will not assume that the jurors disregarded the instructions.") (citations omitted); see also Gierlinger v. Gleason, 160 F.3d 858, 874-75 (2d Cir. 1998) (district court committed reversible error by presuming that the jury included prejudgment interest in its damages award when the jury was not instructed on the matter and the verdict form did not, in any clear fashion, require the jury to engage in "complicated computations of interest").

   Defendants also argue, as a matter of general fairness, that even if the jury did not account for prejudgment interest in reaching their award, the award is already generous enough and therefore any additional compensation would be unnecessary and improper.  As an initial matter, the Court does not share Defendants' characterization of prejudgment interest.  Prejudgment interest is not a completely new layer of compensatory damages; it simply ensures accurate compensation by adjusting whatever damages the jury has already awarded to account for the time value of money.  See Donell v. Kowell, 533 F.3d 762, 772 (9th Cir. 2008).  Moreover, it is unclear whether a court's own opinion that the jury award is "generous enough" is on its own a legitimate basis to deny all prejudgment interest.  Compare Sharkey v. Lasmo (AUL Ltd.), 214 F.3d 371, 375 (2d Cir. 2000) ("A court may not decline to award interest by reason of a belief that the jury's award is [already] excessively generous.") with Conceptus, Inc. v. Hologic, Inc., Case No. C 09-02289 WHA, 2012 U.S. Dist. LEXIS 2239, at *12 (N.D. Cal. Jan. 9, 2012) (denying prejudgment interest because the jury's damages award was "generous enough").  In any event, the Court is hard-pressed to conclude in this case that considerations of fairness weigh so heavily in Defendants' favor that *all* prejudgment interest should be denied, especially since the jury found that the wrongful conduct at issue was intentional and malicious.  See Landwehr v. DuPree, 72 F.3d 726, 739 (9th Cir. 1995) (courts should consider bad faith).

Having weighed Plaintiff's interest in receiving complete compensation with considerations of fairness, the Court concludes that Plaintiff should be awarded at least some prejudgment interest on his damages award.

### B.     Amount of Prejudgment Interest

The general components of interest are (1) a principle, (2) an amount of time that has elapsed, and (3) a rate of interest.

#### 1.     Principle

Defendants suggest that the principle should not include any portion of the damages award that represents the legal expenses Plaintiff accumulated defending against his criminal charges. The Court agrees. Plaintiff's parents were the ones who paid for all of those expenses. Therefore, Plaintiff never lost the use of any money due to his criminal legal expenses. Moreover, while evidence was offered at trial that Plaintiff was required to repay his parents at some point, there was no evidence that Plaintiff was obliged to pay his parents *with interest*.

The more difficult question is determining what portion of the jury's award, if any, represents damages for Plaintiff's legal expenses, on which Plaintiff is *not* entitled to prejudgment interest. At trial, Plaintiff's mother testified that she and her husband spent $108,811.79 on Plaintiff's legal costs. (Shirley Miller Partial Tr. at 3:6-13.) However, there is no way for the Court to tell with certainty that the jury awarded Plaintiff any of those damages.[1] In the verdict, the jury did not apportion the award by type of damage; it simply awarded Plaintiff a global lump sum.

Plaintiff must bear the cost of this uncertainty. Plaintiff should bear the burden of showing that he is entitled to prejudgment interest. See Murphy, 976 F. Supp. at 1364. Yet, in light of the verdict, Plaintiff cannot show that the jury did *not* award him $108,811.79 for his criminal legal expenses and therefore cannot show that he is entitled to prejudgment interest on up to $108,811.79 of the damages award. The Court will therefore disallow prejudgment interest on $108,811.79 of the damages award,

---

[1] Again, Plaintiff's legal expenses were no straight-forward matter. Even if the jury found that certain legal expenses were incurred and were reasonable, the jury still needed to determine who held ultimate financial responsibility for those expenses: Plaintiff or his parents. If the jury decided that Plaintiff's parents accepted responsibility for the expenses and that Plaintiff was not expected to repay the debt, then Plaintiff could not recover those expenses as *his* damages. There is no way for the Court to tell how the jury found on any of these factual matters.

5

which represents the most the jury could have awarded Plaintiff for his criminal expenses based on the evidence presented at trial.

Considerations of fairness also dictate this result. The general structure of the verdict form and the manner in which it asked the jury to indicate any damages was no accident. The parties agreed and jointly proposed that the jury simply indicate a global lump sum of damages in the verdict form. (See Doc. 89, Question No. 7; cf. Doc. 114, Question No. 7.) In doing so the parties opted for a simple, yet somewhat vague, verdict question on damages. This carried both advantages and disadvantages. For Plaintiff, the advantage of a simple, yet vague, verdict is that it makes it rather difficult for Defendants to attack the award as excessive and to argue for remittitur. The disadvantage, however, is that it also makes it difficult for Plaintiff to argue the opposite: that the award is somehow insufficient. Now that this disadvantage has come to fruition, Plaintiff should not be allowed to escape the consequences of his own decision.

The parties also agree that the $35,000 offset they stipulated to should not be included in the principle. Accordingly, of the $500,000 the jury initially awarded Plaintiff, $35,000 will be subtracted to account for the offset and $108,811.79 will be subtracted to account for the legal expenses paid by Plaintiff's parents. This results in a principle of $356,188.21.

### 2. Time Elapsed

The Court finds that prejudgment interest should accrue from January 23, 2012 (the date that Plaintiff's criminal charges were terminated) to the entering of judgment on December 2, 2013. This is consistent with the Supreme Court's statement that prejudgment interest compensates a party "for the loss of use of money due as damages *from the time the claim accrues until judgment is entered*[.]" West Virginia, 479 U.S. at 311 n.2 (emphasis added); see also Babb v. Superior Court, 3 Cal. 3d 841, 846 (1971) ("The principle is well established that the cause of action for malicious prosecution first accrues at the conclusion of the litigation in favor of the party allegedly prosecuted maliciously."). In addition, several equitable considerations weigh against setting the first date of accrual at some earlier point. First, setting the first date of accrual at February 6, 2011 (the date that Plaintiff was arrested), would overcompensate Plaintiff since he did not suffer all of his emotional distress, and therefore did sustain all of his emotional distress damages, at the time of his arrest. Second, it would not be entirely

fair to allow interest to accrue against Defendants from the date of Plaintiff's arrest to the dismissal of his criminal charges since that delay was largely attributable to delays by the district attorney's office, not Defendants. Prejudgment interest is intended to compensate, not punish. See Dishman v. UNUM Life Ins. Co. of Am., 269 F.3d 974, 988 (9th Cir. 2001).

### 3. Rate of Interest

The Court refers to 28 U.S.C. § 1961 for the rate of interest. Section 1961 provides, "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Although § 1961(a) speaks to post-judgment interest and not directly to prejudgment interest, the Ninth Circuit has indicated that it is appropriate to apply § 1961(a) to prejudgment interest "unless the trial judge finds, on substantial evidence, that the equities of the particular case require a different rate." Western Pac. Fisheries, Inc. v. S.S. President Grant, 730 F.2d 1280, 1289 (9th Cir. 1984). No equitable factors are present (or were even argued) that would warrant a different rate in this case. The Court will therefore use the rate specified in § 1961(a), which according to the Board of Governors of the Federal Reserve System was 0.13% for the week preceding December 2, 2013. See Board of Governors of the Federal Reserve System, http://www.federalreserve.gov/releases/h15/data.htm (last visited Jan. 3, 2013). The Court will also compound interest annually. See 28 U.S.C. § 1961(b); Price v. Stevedoring Servs. of Am., 697 F.3d 820, 839-43 (9th Cir. 2012) (explaining that the modern norm is to compound interest and that it may be reversible error to award only simple interest).

### 4. Total Award

Applying an annual interest rate of 0.13% to an initial principle of $356,188.21, for a period of 679 days (January 23, 2012 to December 2, 2013), and compounding the interest annually, results in an award of $861.91 in prejudgment interest:

| First 365 days: | [(365 days/365 days) x ($356,188.21) x (0.13%)] = $463.045 |
| Next 314 days: | [(314 days/365 days) x ($356,188.21 + $463.04) x (0.13%)] = $398.863 |
| Total: | $463.045 + $398.863 = $861.908 |

### III. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion for prejudgment interest in the amount of $861.91.

IT IS SO ORDERED.

Dated: __**January 8, 2014**__                     __/s/ Lawrence J. O'Neill__
                                                                    UNITED STATES DISTRICT JUDGE