No

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| ISAAC MILLER, | 1:12-CV-00137-LJO-SAB |
|---|---|
| Plaintiff, | **ORDER ON MOTION FOR ATTORNEYS FEES** |
| v. | (Doc. 135) |
| STEVEN JOHN SCHMITZ, et al, | |
| Defendants. | |

## INTRODUCTION

After a jury trial in this matter, Plaintiff Isaac Miller ("Plaintiff") moves this Court for an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988(b). For the reasons discussed below, the Court GRANTS in part Plaintiff's motion for fees.

## BACKGROUND

On January 29, 2012, Plaintiff brought this action for civil rights violations and expungement of his arrest record against Defendants Officer Steven John Schmitz ("Schmitz"), Ronald Silva ("Silva") and the City of Hanford ("the City") based on Plaintiff's arrest and prosecution following an altercation that occurred on February 17, 2010. This Court construed Plaintiff's complaint to allege claims for malicious prosecution against Schmitz under 42 U.S.C. § 1983, expungement of Plaintiff's arrest record by the City pursuant to 28 U.S.C. § 2201, and malicious prosecution against Silva under California law.

On April 15, 2013, Plaintiff and Silva reached a settlement agreement.

On August 6, 2013, this Court denied Schmitz and the City's (collectively "Defendants'")

motion for summary judgment of Plaintiff's claims against them.

The parties then participated in a jury trial on the two claims against Defendants. On November 27, 2013, the jury returned a favorable verdict for Plaintiff as to both claims and awarded Plaintiff $500,000.00 in damages.

On December 30, 2013, Plaintiff filed the instant motion for attorney's fees and costs pursuant to 42 U.S.C. 1988(b). Defendants did not file an opposition, and Plaintiff did not file a reply.

## DISCUSSION

### A. Legal Standard

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b), authorizes district courts to award "a reasonable attorney's fee" to prevailing civil rights litigants. "The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotation omitted). "[T]he district court has discretion in determining the amount of a fee award." *Id*. at 437.

In the Ninth Circuit, the proper method for determining reasonable attorney's fees is to use the "lodestar method." *Id*. at 433; *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). In calculating the lodestar, the court must determine both a reasonable number of hours and a reasonable hourly rate for each attorney. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986). "Determination of a reasonable hourly rate is not made by reference to rates actually charged the prevailing party." *Id*. at 1210 (citing *White v. City of Richmond*, 713 F.2d 458, 461 (9th Cir. 1983)). The established standard for determining a reasonable hourly rate is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citation omitted). "In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers*, 796 F.2d at 1211 (citing *Hensley*, 461 U.S. at 429). "Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Id*. (citing *Hensley*, 461 U.S. at 433–34).

The Ninth Circuit "requires that courts reach attorney's fee decisions by considering some or

all of twelve relevant criteria set forth in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67 (9th Cir. 1975)." *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988).  The *Kerr* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  526 F.2d at 70.

"The district court is in the best position to determine in the first instance the number of hours reasonably expended in furtherance of the successful aspects of a litigation and the amount which would reasonably compensate the attorney." *Chalmers*, 796 F.2d at 1211 (citing *Harmon v. San Diego County*, 736 F.2d 1329, 1331 (9th Cir. 1984); *Pate v. Alameda-Contra Costa Transit District*, 697 F.2d 870, 872–73 (9th Cir. 1983)).  "Although the district court's calculation of an award need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary."  *Id*. (citing *Domingo v. New England Fish Co*., 742 F.2d 520 (9th Cir. 1984); *Masalosalo v. Stonewall Insurance Co*., 718 F.2d 955, 957 (9th Cir. 1983)).  The district court should provide "a concise but clear explanation of its reasons for the fee award."  *Hensley*, 461 U.S. at 437.

**B.  Analysis**

    1.  **Reasonable Hourly Rate**

The hourly rates charged by Plaintiff's attorneys and staff in this case are as follows:

| Attorney/Staff | Requested Rate | Skill, Experience, and Reputation |
|---|---|---|
| Kevin Little (Attorney) | $350/hr. | Little is a civil rights attorney with over twenty years of experience and has tried fifty cases to verdict.  He graduated from Harvard Law School and practiced with O'Melveny & Meyers and Frampton, Williams & Little before becoming a solo practitioner. |
| Michelle Tostenrude (Attorney) | $175/hr. | Tostenrude had been licensed to practice law for seven months at the time she began billing in this case.  She graduated from San Joaquin College of Law. |

3

| | | |
|---|---|---|
| Alex Chechelnik (Attorney) | $175/hr. | Chechelnik had been licensed to practice law for nine months at the time he began billing in this case. He graduated from Thomas Jefferson School of Law. |
| Lorena Garcia (Law Clerk) | $100/hr. | Garcia graduated from San Joaquin College of Law. |
| Maxine Vazquez (Legal Secretary) | $50/hr. | Vazquez is an experienced legal secretary who works part-time with another attorney with Fresno. |

Little's requested rate of $350 per hour is reasonable in light of his skill, experience, and reputation and the prevailing rate in Fresno, California for similar work performed by attorneys of comparable skill, experience, and reputation. *Camacho*, 523 F.3d at 979. He supports his requested rate with declarations from other attorneys that an hourly rate in the range of $350 to $400 is reasonable for experienced attorneys. (Doc. 135, Exh. 3). The Court agrees. *Cf.*, *Bond v. Gerguson Enters.*, 2011 U.S. Dist. LEXIS 70390, at *29-31 (E.D. Cal. June 30, 2011) (noting that in general the prevailing hourly rate in this district is "in the $400/hour range" for experienced attorneys).

However, Plaintiff's counsel fails to offer persuasive evidence to show that the requested rates for Tostenrude and Chechelnik are justified. In fact, Plaintiff's counsel offers no evidence at all to justify their requested rates. Therefore, in the absence such evidence, the Court will reduce these rates in accordance with the Court's own experience and knowledge of the market rate in Fresno. *See*, *Ingram v. Oroudijian*, 647 F.3d 925, 928 (9th Cir. 2011) (finding that a district court may rely, in part, on its own knowledge and experience of the community to set a reasonable hourly rate).

The record of Tostenrude's billed time demonstrates that she did not engage in the practice of law with regard to this case. The only tasks billed by Tostenrude were preparation and revision of the bill of costs. (Doc. 135, Exh. 4). These tasks are clerical in nature and do not involve the practice of law. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (finding that tasks such as obtaining transcripts and organizing documents pertaining to the exclusion of evidence are clerical.) Tasks that are "clerical in nature should have been subsumed in firm overhead costs[.]" *Id.* (citing *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir.1992); *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)). "When clerical tasks are billed at hourly rates, the court should reduce the hours

4

requested to account for the billing errors." *Id*. (reducing the total number of hours by the number of hours billed for clerical work) (internal citations omitted). Therefore, the clerical tasks for which Tostenrude billed as attorney's fees are not recoverable as such.

Chechelnik had no demonstrable legal experience at the time he began billing in this matter. Plaintiff's counsel submitted no evidence to show that Chechelnik's requested rate of $175 per hour is reasonable. This Court recently awarded attorney's fees at a rate $150 per hour to a new attorney at a well-reputed law firm who worked on a complicated patent dispute. *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, 2013 WL 6491517 at *11 (E.D. Cal. Dec. 10, 2013). By contrast, the instant case is a typical 42 U.S.C. § 1983 civil rights matter that involved no complex or novel legal issues. The Court accordingly reduces Chechelnick's hourly rate to $125 per hour for his work on this case.

While Plaintiff's counsel provides no support to show that the requested hourly rate of $100 for Garcia is reasonable for a law clerk in the relevant community, the Court finds that the rate is indeed reasonable. *Cf. Franco v. Ruiz Food Products, Inc.*, 2012 WL 5941801 (E.D.Cal. Nov. 27, 2012) (awarding $100/hr. for legal assistants); *Bond*, 2011 U.S. Dist. LEXIS 70390, at *31 (same).

Finally, Plaintiff's counsel hired Vazquez for "secretarial and clerical assistance[.]" (Doc. 135, p. 19). As discussed above, clerical work is not recoverable as part of attorney's fees and should be subsumed in firm overhead costs. *Nadarajah*, 569 F.3d at 921. Therefore, Plaintiff will not be awarded attorney's fees for the clerical work performed by Vazquez.

Accordingly, the Court awards attorney's fees to Plaintiff at the following hourly rates: $350 per hour for Little; $125 per hour for Chechelnik; and $100 per hour for Garcia.

2.  **Reasonable Hours Expended**

Plaintiff's lead counsel submitted detailed accounts for the time billed to this case. (Doc 135, Exhs. 1, 5, 6). However, the Court is not required to accept the hours as claimed by counsel. "The district court is in the best position to determine in the first instance the number of hours reasonably expended in furtherance of the successful aspects of a litigation[.]" *Chalmers*, 796 F.2d at 1211 (internal citations omitted). The Court may within its discretion reduce those hours "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Id*. (citing *Hensley*, 461 U.S. at

5

433–34).

Plaintiff's counsel claims 1149.71 hours of work performed by Little, 176.25 hours of work performed by Chechelnik, and 48 hours of work performed by Garcia, for a total of 1,373.96 billable hours. (Doc 135, Exhs. 1, 5, 6).

First, a nationwide survey of attorney's fees claimed and awarded by federal courts in § 1983 cases where the plaintiff claimed malicious prosecution and the matter proceeded to trial reveals the number of hours claimed by Plaintiff's counsel to be a distant outlier. *Kerr*, 526 F.2d at 70 (instructing courts to consider attorney's fee awards in similar cases). Where a plaintiff prevailed at trial in his claims for false arrest and malicious prosecution, the plaintiff sought reimbursement for 440 total hours billed by plaintiff's counsel, and the court awarded attorney's fees for 396.49 hours. *Sulkowska v. City of New York*, 170 F. Supp. 2d 359 (S.D.N.Y. 2001). Where a plaintiff claimed § 1983 fourth amendment violations along with state claims and prevailed after an eight-day trial on claims of excessive force and malicious prosecution, the plaintiff's counsel documented 625.15 total hours of legal work, and the court reduced the award due to the plaintiff's limited success. *Elusta v. City of Chicago*, 760 F. Supp. 2d 792 (N.D. Ill. 2010) (Stating also that "two lawyers billing a total of 309 hours to prepare for and conduct an 8–day trial is excessive."). In a prisoners' civil rights case involving twenty-five plaintiffs where the plaintiffs claimed excessive force and malicious prosecution violations against prison guards and prevailed at trial on excessive force claims, the plaintiffs' counsel documented 641.3 total hours, and the court reduced the award. *Santiago v. Mercado*, 175 F. Supp. 2d 164 (D.P.R. 2001). Where a plaintiff claimed malicious prosecution and § 1983 first and fourth amendment violations, and prevailed at trial on his § 1983 claims, plaintiff's counsel claimed 207.8 hours of legal work, and the court awarded 155.05 hours, less ten per cent for limited success. *Robinson v. Fetterman*, 387 F. Supp. 2d 432 (E.D. Pa. 2005). Where a plaintiff alleges § 1983 excessive force and malicious prosecution claims and prevails at trial on his excessive force claims, the plaintiff's counsel documented 205.5 total hours of legal work, and the court awarded fees for 198.5 billable hours. *Connor v. Ulrich*, 153 F. Supp. 2d 199, 204 (E.D.N.Y. 2001). *See also*, *Alfonso v. Aufiero*, 66 F. Supp. 2d 183, 189 (D. Mass. 1999) (Awarding attorney's fees for 534.48 hours billed by plaintiff's lead counsel after twelve-day jury trial involving § 1983 fourth amendment and state

malicious prosecution claims against city and eight individual police officers). Accordingly, the Court is unable to find support to show that counsel's claim of nearly 1,400 billable hours of legal work in this case is reasonable.

Second, the time sheet for hours billed by Little on this case further indicates that the number of hours claimed is "excessive or otherwise unnecessary." *Chalmers*, 796 F.2d at 1211. For example, Little claims to have worked 24.9 hours on November 19, 2013 and 24.2 hours on November 21, 2013 on this case. (Doc. 135, pp. 51-53). Little also claims to have worked 22.7 hours on November 20, 2013 and 22.4 hours on November 25, 2013. *Id*. at p. 54.

In addition, the Court notes that this case only included typical civil rights claims under 42 U.S.C. § 1983 and did not involve novel, complex, or particularly difficult legal issues. *Kerr*, 526 F.2d at 70. Further, counsel did not perform protracted or complex motion work in this matter. In total, the parties litigated: one motion to strike by Defendants, one motion to dismiss by Defendants, one (later withdrawn) motion to compel further discover by Plaintiff, one motion for summary judgment by Defendants, and one motion in limine by each party.

Also, Plaintiff's lead counsel has over 20 years of civil rights litigation experience as well as experience as a law clerk for both the United States District Court for the Central District of California and the United States Court of Appeals for the Ninth Circuit. (Doc. 135, p. 13); *Kerr*, 526 F.2d at 70. An attorney with such experience and expertise is not reasonably expected to expend an extraordinary amount of time on a case involving only typical § 1983 civil rights claims and motion work.

Based on these factors, the Court reduces the number of hours by 60 per cent, and awards attorney's fees to Plaintiff for the following number of hours: 459.88 hours for Little, 70.5 hours for Chechelnik, and 19.2 hours for Garcia. Therefore, Plaintiff shall recover fees of $160,958.00 for Little, $8,812.50 for Chechelnik, and $1,920 for Garcia, for a total attorney's fees award of $171,690.50.

### 3. Costs

Plaintiff seeks to recover costs for court costs, service fees, deposition transcript expenses, copy expenses, and witness fees pursuant to 28 U.S.C. §§ 1920 and 1821. (Docs. 118, 119). Additionally, Plaintiff also seeks to recover costs for an investigator, hotel expenses incurred in

connection with a deposition, and fees paid to a defense prosecution expert and defense police procedures expert at their depositions. (Doc. 135, p. 20). A district court is authorized to tax as costs the expenses reflected in Plaintiff's bill of costs as supported by documentation of costs incurred. 28 U.S.C. § 1920. Also, "[u]nder § 1988, [a prevailing plaintiff] may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'" *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (upholding the district court's award of costs including hotel bills and fees for an investigator and for defense expert at deposition). Therefore, Plaintiff shall recover costs in the amount of $30,180.86 for expenses incurred.

## CONCLUSION AND ORDER

For the reasons discussed above, the Court GRANTS in part Plaintiff Isaac Miller's motion for award of attorney's fees and costs in the total amount of $201,871.36.

IT IS SO ORDERED.

Dated:   **February 18, 2014**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE