
# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN JOHN SCHMITZ, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00137-LJO-SAB<br><br>ORDER ON MOTION TO QUASH<br><br>(ECF Nos. 167, 169, 172, 175) |

**I.**

**RELEVANT PROCEDURAL BACKGROUND**

A jury trial in this action began on November 19, 2013. (ECF No. 103.) On November 27, 2013, the jury returned a verdict finding that Defendant Schmitz had used excessive force in violation of the Eighth Amendment and awarded compensatory damages of $500,000.00 and no punitive damages. (ECF Nos. 114, 115.) The trial court also ordered that Plaintiff's arrest record be expunged. (ECF No. 110.)

On February 18, 2014, United States District Judge O'Neill issued an ordering granting in part Plaintiff's motion for attorney's fees and costs in the amount of $201,871.36. (ECF No. 163.) On February 21, 2014, Plaintiff served a subpoena duces tecum on defense counsel seeking the summary billing record showing the cumulative hours billed in this action from inception to the present. (ECF No. 169 at 2.) On February 24, 2014, Plaintiff filed a motion for reconsideration of the fee award. (ECF No. 166.) On February 27, 2014, Plaintiff confirmed

that he is asking for the "bottom line" and would accept a declaration indicating the total hours expended by defense counsel. (ECF No. 169 at 9-10.) On March 3, 2014, Defendant filed a motion to quash a subpoena to produce billing records in this action. (ECF No. 167.) On March 6, 2014, Plaintiff filed an opposition to the motion to quash. (ECF No. 172.) Plaintiff had requested the motion be heard on shortened time, and during a telephonic conference, the parties agreed for the motion to be heard on March 20, 2014. (ECF No. 173.) On March 17, 2014, Defendant filed a reply. (ECF No. 175.)

A hearing on Defendant's motion to quash was held on March 20, 2014. Counsel Ryan Marshall appeared for Defendant and counsel Kevin Little appeared telephonically for Plaintiff. Having considered the moving, opposition, and reply papers, as well as the Court's file, and the arguments at the hearing the Court issues the following order.

## II.

## LEGAL STANDARD

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the court must quash or modify a subpoena that "fails to allow a reasonable time to comply;" "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). The party issuing and serving the "subpoena must take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

While irrelevance is not within the list of reasons enumerated to quash a subpoena, it is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and 34. Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service Center, 211 F.R.D. 648, 662 (D. Kan. 2003) (quoting Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) that the amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules.").

Therefore, the court looks to relevancy under Rule 26(b) to determine if the information requested in the subpoena duces tecum is discoverable. Rule 26(b) of the Federal Rules of Civil Procedure provides that the court may order discovery of any matter relevant to the subject

matter of the litigation. Evidence is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). "Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information." Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005).

## III.

## DISCUSSION

In this action, Plaintiff has issued a subpoena requesting from defense counsel the total number of hours which were expended in this action. Defendant moves to quash the subpoena on the ground that the information sought is "irrelevant" to Plaintiff's motion for attorney fees. Plaintiff counters that Defendant does not have standing to quash a third party subpoena.

Initially, the Court addresses Plaintiff's objection that Defendant does not have standing to quash the subpoena. In this instance, it is defense counsel who has filed the motion and is appearing before the Court on this motion to quash. Plaintiff requests the Court to deny the motion to quash on the procedural ground that it has been brought by Defendant. However, since the third party is before the Court requesting the subpoena be quashed, Plaintiff's request is denied. The Court next turns to Defendant's motion to quash the subpoena on the ground that the information sought is irrelevant in this action.

As noted above, Rule 45 provides that a subpoena can be quashed if requiring production would place an undue burden on the party subject to the subpoena. It would be an undue burden on a non-party to require the non-party to produce information that is clearly irrelevant in the action. See Compaq Computer Corp. v. Packard Bell Electronics, Inc., 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ("Obviously, if the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon [the non-party] would be by definition "undue".); New York State Energy Research and Development Authority v. Nuclear Fuel Services, Inc., 97 F.R.D. 709, 712 (D. N.Y. 1983) ("relevance of the subpoenaed information has an important bearing upon the determination of a claim that a subpoena duces tecum is unreasonable or oppressive"). Therefore, in determining whether the motion to quash should be granted the Court will examine whether the requested

information is clearly irrelevant. Here, the discovery being sought is opposing counsel's time records for Plaintiff to use in support of his motion for reconsideration of the award of attorney fees.

As to fee awards, the Ninth Circuit has stated that "because numerous factors can cause the prevailing party to have spent more time than the losing party, such a comparison is a useful guide in evaluating the appropriateness of time claimed. If the time claimed by the prevailing party is of a substantially greater magnitude than what the other side spent, that often indicates that too much time is claimed." Democratic Party of Washington State v. Reed, 338 F.3d 1281, 1287 (9th Cir. 2004). However, the Ninth Circuit has also cautioned against using such an approach, stating:

> Comparison of the hours spent in particular tasks by the attorney for the party seeking fees and by the attorney for the opposing party . . . does not necessarily indicate whether the hours expended by the party seeking fees were excessive. Rather, any such comparison must carefully control for factors such as [opposing parties do not always have the same responsibilities under the applicable rules, nor are they necessarily similarly situated with respect to their access to necessary facts, the need to do original legal research to make out their case, and so on] as well as for the possibility that the prevailing party's attorney—who, after all, did prevail—spent more time because she did better work.

Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1151 (9th Cir. 2001).

The Seventh and Eleventh Circuit have also questioned the relevance of the number of hours expended by opposing counsel to the determination of the reasonable number of hours requested by a plaintiff. Mirabal v. General Motors Acceptance Corp., 576 F.2d 729, 731 (7th Cir. 1978); Johnson v. University College of Alabama, 706 F.2d 1205, 1208 (11th Cir. 1983). Courts in this circuit frequently find that the amount of time opposing counsel expended in an action has no bearing on the reasonableness of a fee request. See Deocampo v. Potts, 2014 WL 788429, at *2 (E.D. Cal. Feb. 25, 2014); eMove Inc. v. SMD Software, Inc., 2012 WL 4856276, at *6 (D. Ariz. Oct. 11, 2012); Moore v. Bank of America, N.A. (USA), 2008 WL 68851, at *3 (S.D. Cal. Jan. 7, 2008); Love v. Mail on Sunday, 2007 WL 2709975, at *10 (C.D. Cal. Sept. 7, 2007); Miller v. Vicorp Restaurants, Inc., 2006 WL 212021, at *3 (N.D. Cal. Jan. 11, 2006). However, other courts have indicated that opposing counsel's hours can be considered in determining the reasonableness of the hours requested by the prevailing party. Painsolvers, Inc.

v. State Farm Mut. Auto. Ins. Co., 2012 WL 2529298, at *12 (D. Haw. June 28, 2012) (opposing counsel's hours would not be given significant weight in determining the excessiveness of fee request); U.S. ex rel. Berglund v. Boeing Co., 2012 WL 1902599, at *4 (D. Or. May 24, 2012) (time expended by opposing counsel would be starting place for court to analyze reasonableness of request).[1]

Defendant argues that the amount of hours spent by defense counsel is irrelevant to Plaintiff's request for attorney fees as they were not similarly situated in regards to access to the facts. Defendant also contends that defense counsel is less experienced than Plaintiff's counsel in civil rights litigation requiring extensive legal research and time spent on this action.

Plaintiff replies that Defendant has not offered any evidence to support the contention that counsel were not similarly situated. The Court agrees. Plaintiff argues that defense counsel had unfettered access to an equal number of defense witnesses from the Hanford Police Department, as well as police reports, dispatch records and personnel files. Plaintiff also states that while defense counsel claim they are not as experienced in civil rights litigation, the record reflects that lead counsel has represented these same defendants in other civil rights matters. Finally, Plaintiff contends that he had the burden of proof and was responsible for presenting approximately 80 percent of the witnesses and exhibits at trial.

Defendant replies that there are a number of reasons that could make opposing counsel's time expended an unreliable indicator of the reasonableness of the time expended by Plaintiff's counsel in this action. The Court finds that some of the reasons proffered by Defendant appear to also apply to Plaintiff's counsel, such as using associate counsel or paralegals to perform work. As evidenced by Plaintiff's fee request he also used other attorneys and paralegals to perform work in this action. (ECF 134-2, 135-4, 135-5, 135-6.) Defendant also suggests that due to his personal preference there was the need for out of town travel to consult with defendants and witnesses. Since Plaintiff's counsel is also located in Fresno, the need to travel

---

[1] The Court notes that Defendant is arguing the factors for the reconsideration standard, however, it is not this Court who is deciding the motion for reconsideration. While this argument appears persuasive, since this is a non-consent case, this Court's role is limited to determining whether the subpoena to the non-party should be quashed. Such arguments are better left to the district judge hearing the motion.

out of town would also apply to him. (ECF No. 1.)

At the March 20, 2014 hearing, defense counsel argued that he is less experienced than Plaintiff's counsel making the number of hours expended irrelevant. However, Defendant has presented no evidence from which the Court can determine the level of experience of any counsel that represented Defendant in this action. Further, many of Defendant's arguments relate more to the weight to be given the evidence, rather than whether the evidence is discoverable for the purposes of the motion for reconsideration.

Whether the number of hours billed by the opposing counsel is relevant to the reasonable number of hours expended in an action depends upon the circumstances present. In most cases addressing this issue, the court is considering the opposing party's argument that the prevailing party's request for attorney fees is unreasonable because the prevailing party is seeking more hours than opposing counsel expended on the action. In that situation, courts find that the amount of time spent by the losing party is irrelevant to the hours expended by the party that prevailed at trial. On its face this makes sense as the reason the party prevailed at trial could be due to the additional hours expended by their counsel. However, if opposing counsel expended an equal amount or more hours than sought, such a factor may have some weight in determining the reasonableness of the fees. Again, the district judge will determine what weight, if any, to give to the discoverable fact.

Here, the district judge determined that Plaintiff, the prevailing party, had requested an excessive number of hours in his request for attorney fees and reduced the fee request accordingly. In his motion for reconsideration, Plaintiff is attempting to show that his request was reasonable based upon the number of hours that were expended by Defendant in this action. The number of hours expended by defense counsel could be deemed to be relevant to determine if Plaintiff's request was excessive. In this motion to quash, Defendant has not shown that the number of hours which defense counsel billed in this action is clearly irrelevant to the motion for reconsideration. Since the evidence could be admissible, it would not be an undue burden to require compliance with the subpoena.

Also, during the March 20, 2014 hearing, Defense counsel also argued that Plaintiff

should have presented evidence of opposing counsel's hours in the first instance and such evidence should not be considered on the motion for consideration. Plaintiff responded that, while he did not address the number of hours defense counsel spent on this action, he did present evidence to support his motion for attorney fees. Further, Plaintiff contends that he had no way to anticipate that the district judge would find his request unreasonable by determining this was a normal run of the mill case and cut his hours by approximately sixty percent.

In addressing Plaintiff's motion for attorney fees the district judge did not address the issue of whether opposing counsel's hours would be relevant in determining the reasonableness of Plaintiff's fee request as this issue was not raised before the district judge. Whether the records should be considered by the district judge on the motion for reconsideration is not an issue for this court to decide.

In the situation presented here, the Court finds that the motion to quash should be denied as the information sought is not clearly irrelevant. To the extent that the parties' contest the relevancy of the information, they will be able to present their arguments for the district judge to consider in deciding the motion for reconsideration.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to quash, filed March 3, 2014, is DENIED; and

2. Defendant shall produce the total number of hours expended by each participant in this litigation to Plaintiff by close of business on March 24, 2014.

IT IS SO ORDERED.

Dated: **March 21, 2014**

UNITED STATES MAGISTRATE JUDGE

7