1
2
3
4
5          **UNITED STATES DISTRICT COURT**
6        **FOR THE EASTERN DISTRICT OF CALIFORNIA**
7

| | |
|---|---|
| ISAAC MILLER, | 1:12-CV-00137-LJO-SAB |
| Plaintiff, | **ORDER ON MOTION FOR RELIEF FROM JUDGMENT** |
| v. | (Doc. 135) |
| STEVEN JOHN SCHMITZ, et al, | |
| Defendants. | |

8
9
10
11
12
13
14
15                          **INTRODUCTION**

16        After a jury trial in this matter, Plaintiff Isaac Miller ("Plaintiff") moved this Court for an
17  award of attorney's fees and costs pursuant to 42 U.S.C. § 1988(b).  On February 18, 2014, this Court
18  granted in part Plaintiff's motion.  Before the Court is Plaintiff's motion for reconsideration of this
19  Court's award of attorney's fees and costs to Plaintiff pursuant to Fed. R. Civ. P 59(e) and 60(b).  For
20  the reasons discussed below, the Court DENIES Plaintiff's motion as to the billing records of Kevin
21  Little and ORDERS Plaintiff's counsel to submit a written verification as to the billing records of Alex
22  Chechelnick and Lorena Garcia.

23                          **BACKGROUND**

24        On January 29, 2012, Plaintiff brought this action for civil rights violations and expungement
25  of his arrest record against Defendants Officer Steven John Schmitz ("Schmitz"), Ronald Silva
26  ("Silva") and the City of Hanford ("the City") based on Plaintiff's arrest and prosecution following an
27  altercation that occurred on February 17, 2010.
28        Plaintiff and Defendants Schmitz and the City (collectively, "Defendants") participated in a

1   jury trial on Plaintiff's claims for malicious prosecution and expungement of Plaintiff's arrest record.

2   On November 27, 2013, the jury returned a favorable verdict for Plaintiff as to both claims and

3   awarded Plaintiff $500,000.00 in damages.

4        On December 30, 2013, Plaintiff filed a motion for attorney's fees and costs pursuant to 42

5   U.S.C. 1988(b).  On February 18, 2014, this Court granted in part Plaintiff's motion.[1]  Plaintiff filed

6   the instant motion for reconsideration of this Court's award of fees and costs on February 24, 2014.

7   Defendants filed an opposition on March 13, 2014, and Plaintiff filed a reply on March 20, 2014.

8                                              **DISCUSSION**

9        **A.    Legal Standard**

10        Plaintiff moves this Court to reconsider its February 18, 2014 award of attorney's fees and

11   costs pursuant to Fed. R. Civ. P. 59(e) and 60(b).

12        A court may grant a motion for relief from a final judgment where "1) the motion is

13   necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving

14   party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to

15   prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v.*

16   *Burlington Northern Santa Fe R. Co*., 338 F.3d 1058, 1063 (9th Cir. 2003) (internal citations,

17   quotations, emphasis omitted).  *See also*, *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc*., 5

18   F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented

19   with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,

20   or (3) if there is an intervening change in controlling law.")  (internal citation omitted).

21        A district court may reconsider and reverse a previous decision for any reason it deems

22   sufficient, even in the absence of new evidence or an intervening change in or clarification of

23   controlling law.  *Abada v. Charles Schwab & Co., Inc*., 127 F.Supp.2d 1101, 1102 (S.D. Cal. 2000).

24   Nevertheless, a court should generally leave a previous decision undisturbed absent a showing of clear

25   error or manifest injustice.  *Id*.  Reconsideration is not a mechanism for parties to make new arguments

26   that could reasonably have been raised in their original briefs.  *See*, *Kona Enters. v. Estate of Bishop*,

27   _____
    [1] Due to an administrative error, the Court had neither reviewed nor did it know of the existence of Defendants' opposition
28   to Plaintiff's motion for fees or Plaintiff's reply when it issued its February 18, 2014 order.  The Court issues this Order
    having since reviewed the opposition and reply.

                                                  2

229 F.3d 887, 890 (9th Cir. 2000).  Nor is it a mechanism for the parties "to ask the court to rethink what the court has already thought through—rightly or wrongly."  *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998).  "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

**B.    Analysis**

Plaintiff makes three main arguments in support of his motion.  First, he argues that defense counsel's total number of hours expended on this case constitutes "newly discovered evidence" such that the Court's fee award should be reconsidered.  Second, he argues that the Court committed errors of law in reducing Alex Chechelnik and Lorena Garcia's hours in conjunction with those of lead counsel Kevin Little, in declining to award attorney's fees for preparing a bill of costs, and in the analysis resulting in this Court's reduction of Little's hours.  Finally, Plaintiff argues that the reduction of fees is prejudicial to solo practitioners.

**1.    Defense Counsel's Hours**

Plaintiff submits evidence that defense counsel recorded 1,189.40 total hours of work on this case and argues that this proves Plaintiff's counsel's submitted total hours of 1,373.96 are reasonable. The Ninth Circuit has made clear that, "[a]lthough opposing counsel's billing records may be relevant to determining whether the prevailing party spent a reasonable number of hours on the case, those records are not dispositive."  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citing *Democratic Party of Wash. v. Reed*, 388 F.3d 1281, 1287 (9th Cir.2004)).  "Therefore, the district court has the discretion not to rely on them."  *Id.* (citing *Ferland v. Conrad Credit Corp*., 244 F.3d 1145, 1151 (9th Cir. 2001)).

Here, the submitted evidence as to defense counsel's hours has limited relevance to determining the reasonableness of Plaintiff's counsel's hours.  First, the submitted evidence only shows the total number of hours recorded by seven individuals and their combined total of 1,189.40 hours.  There is no indication of what activities defense counsel performed in accumulating those hours or the distribution of those hours over time.  Further, defense counsel's records indicate that the bulk of the hours recorded are split fairly evenly between one experienced senior attorney and one junior

attorney with fewer than two years of experience at the time this case began. Whereas the senior defense attorney recorded 589.30 hours of work on this case, the senior attorney for Plaintiff submitted records of 1,149.71 hours of work on this case. For these reasons, Plaintiff's argument that defense counsel's billing records constitute "new evidence" such that this Court's prior judgment must be reconsidered is unpersuasive.

### 2.   Claimed Errors

#### i.   Bill of Costs

This Court declined to award attorney's fees for the preparation of a bill of costs because the activity was clerical in nature and did not involve the practice of law. Plaintiff argues that preparing a bill of costs requires applying law, such as Fed. R. Civ. P. 54(d), to facts and is therefore a "quintessential legal task." (Doc. 166 p. 8). However, as relevant to a bill of costs, Rule 54(d) requires a motion for attorney's fees to "state the amount sought or provide a fair estimate of it." Therefore, applying Rule 54(d) to the facts involves the "gathering of receipts and totaling their sum," which, as Plaintiff recognizes, is a non-recoverable clerical task. *Id*. Plaintiff further argues that "[a] bill of costs has to be verified by an attorney, so it obviously is not a merely clerical endeavor." (Doc. 166 p. 8). This argument is likewise unpersuasive. For example, attorneys regularly verify expense reports for incidental expenses incurred while working on a case. Preparing an expense report also involves the clerical task of "gathering of receipts and totaling their sum," which, again, is not recoverable as attorney's fees. *Id*. Accordingly, Plaintiff fails to show that this Court's declination to award attorney's fees for preparing a bill of costs constitutes "clear error or manifest injustice." *Abada*, 127 F.Supp.2d at 1102.

#### ii.   Reduction to Plaintiff's Lead Counsel's Hours

Plaintiff argues that the Court made a manifest error in reducing the hours of lead counsel Kevin Little. When assessing a heavy billing record, "the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of trimming the fat from a fee application." *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) (internal quotation omitted). "[W]hen a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must 'set forth a concise but clear

1   explanation of its reasons for choosing a given percentage reduction.'"  *Gonzalez*, 729 F.3d at 1203

2   (citing *Gates*, 987 F.2d at 1400).  In assessing Little's recorded hours, this Court considered attorney's

3   fees claimed and awarded by federal courts in similar cases that proceeded to trial, Little's

4   impracticable billing during the trial, the fact that this case involved only typical civil rights claims

5   rather than any novel, complex, or particularly difficult legal issues, the lack of complex or protracted

6   motions work, and Little's twenty-plus years of experience in civil rights litigation.

7           Plaintiff argues that the cases this Court considered are different from the instant case in

8   some way and are therefore "rather unhelpful."  (Doc. 166 p. 10-12).  Instead, Plaintiff argues that this

9   Court should consider an assortment of mostly unpublished cases where the prevailing party's counsel

10  recorded more than 1,000 hours of work.[2]  *Id*.  Plaintiff fails to demonstrate that the Court "committed

11  clear error." *ACandS, Inc*., 5 F.3d at 1263.

12          Plaintiff also takes issue with this Court's assessment of Little's billing during the trial.  The

13  Court noted that Little twice billed over 24 hours for one day of work, billed over 70 hours in a three-

14  day period, and also billed over 22 hours each day for several other days during trial.  *See*, *Alvarado v.*

15  *FedEx Corp*., C 04-0098 SI, 2011 WL 4708133 at * 17 (N.D. Cal. Sept. 30, 2011) (imposing a 40%

16  across-the-board reduction due to inflation of hours, including "repeated billing for excessively long

17  days of 18 hours or more, including one entry for 22.85 hours in a single day and one entry for 23.85

18  hours in a single day").  After the Court pointed this out in the February 18, 2014 Order, Plaintiff's

19  counsel continues to defend his billing and insists that the Court erred in deeming such billing

20  excessive.  "Counsel for the prevailing party is expected to exercise good billing judgment by making

---

21  [2] Plaintiff cited only two published cases to show that the total number of hours recorded is consistent with fee awards by federal courts in similar civil rights cases.

22          In *Mendez v. County of San Bernadino*, the Ninth Circuit overturned the district court's complete denial of attorney's fees to the prevailing party and did not make any finding on whether the prevailing party should be awarded the

23  entire 2,144 hours recorded by counsel in the case.  540 F.3d 1109, 1125-30.  Rather, the Ninth Circuit instructed that, "[o]n remand, the district court should determine a reasonable attorney's fee for Mendez utilizing the customary lodestar

24  method."  *Id*. at 1129.  In addition, the Ninth Circuit noted that, "Mendez also agreed to write off additional time and costs so as to reduce or eliminate any remaining disputes over the number of hours."  *Id*. at 1128.

25          In, *Cotton v. City of Eureka*, the prevailing plaintiffs' counsel won $4.5 million in compensatory damages and $75,000 in punitive damages for the plaintiffs.  889 F.Supp.2d 1154.  Even with the large monetary verdict, the court in

26  *Cotton* reduced the hours of one of the plaintiff's attorneys for billing excessively high hours in one day, where the attorney billed more than 18 hours per day on multiple days.  *Id*. at 1178.  Further, In contrast to Plaintiff's counsel here, when the

27  court in *Cotton* raised the concern of excessively high hours with the plaintiff's counsel at a hearing, counsel agreed that the hours should be reduced.  *Id*. at 1179.

28          Neither of these cases lends much support to Plaintiff's argument.

1  a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary." *Cortes v.*
2  *Metro. Life Ins. Co.*, 380 F. Supp. 2d 1125, 1132 (C.D. Cal. 2005) (citing *Hensley v. Eckerhart*, 461
3  U.S. 424, 434 (1983)). Such billing by Little "indicates a gross lack of billing judgment," and
4  Plaintiff's counsel's subsequent conduct suggests not only failure but also refusal to fulfill counsel's
5  duty. *Metro Data Sys., Inc. v. Durango Sys., Inc.*, 597 F. Supp. 244, 247 (D. Ariz. 1984).

6      Plaintiff further argues that the Court improperly considered Little's extensive experience in
7  civil rights litigation in conjunction with this case involving only typical civil rights claims without any
8  novel, complex, or difficult legal issues in assessing the reasonableness of Little's recorded hours.
9  Plaintiff provides no authorities for this argument. Further, Plaintiff apparently agrees that this case in
10 fact did involve only typical civil rights claims without any novel, complex, or difficult legal issues.

11      A motion for reconsideration is not a mechanism for the parties "to ask the court to rethink
12 what the court has already thought through—rightly or wrongly." *Rezzonico*, 32 F.Supp.2d at 1116.
13 "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to
14 reverse its prior decision." *Westlands Water Dist.*, 134 F.Supp.2d at 1131. Plaintiff has failed to do so
15 with respect to this Court's assessment of Little's recorded hours.

16          **iii.     Chechelnik and Garcia's Hours**

17      Chechelnik had been admitted to the bar for nine months when this case began, and Garcia is
18 a legal assistant, while Little is an experienced attorney with his own practice. This Court perceived
19 Chechelnik and Garcia as working under Little's supervision on this case. To the extent that that is
20 inaccurate, or that Chechelnik and Garcia recorded and submitted their hours worked in this case
21 without supervision or approval from Little, the Court agrees that Chechelnick and Garcia's hours
22 should be assessed separately from those of Plaintiff's lead counsel for reasonableness.

23      **3.     Prejudice to Civil Rights and/or Solo Practitioners**

24      Plaintiff argues that this Court's award of attorney's fees and costs is prejudicial and
25 "relegates plaintiffs' civil rights counsel to the status of second class citizens of the legal
26 community[.]" (Doc. 166 p. 15). Plaintiff fails to show how this Court's award of $201,871.36 to two
27 solo practitioners with "no employees or support staff" as overhead costs is prejudicial or discourages
28 capable counsel from taking on civil rights cases. *Id.* Plaintiff's counsel's disappointment in the

1   award is insufficient to render it prejudicial, manifestly unjust, or clearly erroneous. *Turner*, 338 F.3d

2   at 1063. Rather, this Court's assessment of Plaintiff's counsel's billing hours reinforces the Supreme

3   Court's admonition that "[c]ounsel for the prevailing party is expected to exercise good billing

4   judgment by making a good faith effort to exclude hours that are excessive, redundant, or otherwise

5   unnecessary." *Cortes*, 380 F. Supp. 2d at 1132 (citing *Hensley*, 461 U.S. at 434).

## CONCLUSION AND ORDER

7         For the reasons discussed above, the Court

8         1.     DENIES Plaintiff Isaac Miller's motion for relief from judgment as to the

9              February 18, 2014 award of attorney's fees and costs as to Plaintiff's lead counsel

10              Kevin Little; and

11         2.     ORDERS Plaintiff's counsel to file no later than May 2, 2014 a written

12              verification that Alex Chechelnick and Lorena Garcia submitted their billing

13              records in this case without supervision or approval from Kevin Little. If

14              Plaintiff's counsel fails to file such verification in accordance with this Court's

15              order, this Court DENIES in its entirety Plaintiff's motion for relief from

16              judgment as to the February 18, 2014 award.

17   IT IS SO ORDERED.

18   Dated:   __April 28, 2014__         ___/s/ Lawrence J. O'Neill___

19                                    UNITED STATES DISTRICT JUDGE

      3.