# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN JOHN SCHMITZ, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00137-LJO-SAB<br><br>ORDER VACATING THE NOVEMBER 16, 2016 AND GRANTING IN PART DEFENDANT'S MOTION TO QUASH<br><br>(ECF Nos. 209, 212, 213, 214)<br><br>FOURTEEN DAY DEADLINE |

Currently, before the Court is defense counsel's motion to quash a subpoena duces served by Plaintiff. The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set on November 16, 2016, will be vacated and the parties will not be required to appear at that time.

## I.

## RELEVANT PROCEDURAL BACKGROUND

A jury trial in this action began on November 19, 2013. (ECF No. 103.) On November 27, 2013, the jury returned a verdict finding that Defendant Schmitz had used excessive force in violation of the Eighth Amendment and awarded compensatory damages of $500,000.00 and no punitive damages. (ECF Nos. 114, 115.) The trial court also ordered that Plaintiff's arrest record be expunged. (ECF No. 110.)

1

On February 18, 2014, United States District Judge O'Neill issued an ordering granting in part Plaintiff's motion for attorney's fees and costs in the amount of $201,871.36. (ECF No. 163.) On February 21, 2014, Plaintiff served a subpoena duces tecum on defense counsel seeking the summary billing record showing the cumulative hours billed in this action from inception to the present. (ECF No. 169 at 2.) On February 24, 2014, Plaintiff filed a motion for reconsideration of the fee award. (ECF No. 166.)

On March 3, 2014, Defendant filed a motion to quash a subpoena to produce billing records in this action. (ECF No. 167.) On March 21, 2014, an order issued denying Defendant's motion to quash and defense counsel was ordered to produce billing records. (ECF No. 187.) On April 29, 2014, the District Judge issued an order denying Plaintiff's request for reconsideration of the award of attorney fees. (ECF No. 194.) Plaintiff filed an appeal which was granted on June 22, 2016, and the action was remanded to the district court on the issue of attorney fees. (ECF No. 202.)

On September 20, 2016, Plaintiff served a third party subpoena on defense counsel seeking "[t]he summary billing record from your office pertaining to the above-entitled action, i.e., the record showing the cumulative hours billed on the case of caption from its inception until present. You may redact any description of the tasks performed, billing rates, names, or other identifying information if you claim a privilege as to this information." (ECF No. 208.) Defendant filed a motion to quash the subpoena on October 4, 2016. (ECF No. 209.) Plaintiff filed an opposition and a supplemental opposition on November 3, 2016. (ECF Nos. 212, 213.) On November 9, 2016, Defendant filed a reply. (ECF No. 214.)

## II.

## LEGAL STANDARD

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the court must quash or modify a subpoena that "fails to allow a reasonable time to comply;" "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). The party issuing and serving the "subpoena must take reasonable steps to avoid imposing undue burden or expense on the person subject to the

subpoena." Fed. R. Civ. P. 45(d)(1).

While irrelevance is not within the list of reasons enumerated to quash a subpoena, it is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and 34. Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service Center, 211 F.R.D. 648, 662 (D. Kan. 2003) (quoting Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) that the amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules.").

Therefore, the court looks to relevancy under Rule 26(b) to determine if the information requested in the subpoena duces tecum is discoverable. Rule 26(b) of the Federal Rules of Civil Procedure provides that the court may order discovery of any matter relevant to the subject matter of the litigation. Evidence is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). "Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information." Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005).

### III.

### DISCUSSION

In this action, Plaintiff has issued a subpoena requesting from defense counsel the total number of hours which were expended in this action. Defendant moves to quash the subpoena on the grounds that the request is time barred and the information sought is "irrelevant" to Plaintiff's motion for attorney fees and is unduly burdensome. Plaintiff counters that this court and the Ninth Circuit have ruled that Defendant's billing is relevant to his motion for attorney fees and that Plaintiff is allowed to obtain discovery in aid of the judgment or execution under Rule 69 of the Federal Rules of Civil Procedure.

**A.  Timeliness of Subpoena**

Defendant argues that Plaintiff did not request to reopen discovery and since discovery is closed the subpoena was not timely served. Plaintiff counters that Rule 69 of the Federal Rules of Civil Procedure allows post judgment discovery.

Rule 69 provides that post judgment discovery is available to aid a judgment creditor or

successor in interest to enforce a judgment. Fed. R. Civ. P. 69(a)(2). "The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012), aff'd sub nom. Republic of Argentina v. NML Capital, Ltd., 134 S. Ct. 2250 (2014). Therefore, the Court does not find Rule 69 to be applicable here.

However, the Court finds no merit to Defendant's argument that Plaintiff's subpoena is untimely as it was served outside the discovery deadlines set in this action. The discovery at issue in the scheduling order goes to the claims or defenses of the parties. The cases cited by defendant are distinguishable as they deal with third party discovery on the merits of action. Dreyer v. GACS Inc., 204 F.R.D. 120, 123 (N.D. Ind. 2001) (seeking psychiatric records of the plaintiff); Integra Lifesciences I, Ltd. v. Merck KGaA, 190 F.R.D. 556, 562 (S.D. Cal. 1999) (seeking document from third party for use at trial); nSight, Inc. v. PeopleSoft, Inc., No. 3:04CV3836MMC(MEJ), 2006 WL 988807, at *4 (N.D. Cal. Apr. 13, 2006) (seeking documents from third party that were known and available during the discovery period).

The discovery sought here goes to a collateral matter, the reasonableness of the attorney fee request and the total hours spent by opposing counsel in litigating this action. Since the requested information was not available prior to the conclusion of the action, it could not have been obtained within the deadlines set in the scheduling order. Defendant's motion is denied on the grounds of timeliness.

### B.     Relevance

Defendant also argues that since the information is irrelevant it would be an undue burden to produce the requested information. Under "Rule 45(c)(3)(A), '[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party." Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005) (quoting Travelers Indem. Co. v. Metropolitan Life Insur. Co., 228 F.R.D. 111, 113 (D.Conn.2005)). This weighing requires the court to consider factors such as "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."

1  Moon, 232 F.R.D. at 637 (citations omitted).

2  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  As recently amended, Rule 26 provides that in determining the appropriateness of a discovery request the court is to consider the proportionality of the request to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  As noted above, Rule 45 provides that a subpoena can be quashed if requiring production would place an undue burden on the party subject to the subpoena.  It would be an undue burden on a non-party to require the non-party to produce information that is clearly irrelevant in the action.  See Compaq Computer Corp. v. Packard Bell Electronics, Inc., 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ("Obviously, if the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon [the non-party] would be by definition "undue"."); New York State Energy Research and Development Authority v. Nuclear Fuel Services, Inc., 97 F.R.D. 709, 712 (D. N.Y. 1983) ("relevance of the subpoenaed information has an important bearing upon the determination of a claim that a subpoena duces tecum is unreasonable or oppressive").

Defendant argues that the motion for attorney fees only sought fees through December 30, 2013, and therefore requiring counsel to produce billing records for purposes of comparison for an additional two years is unduly burdensome because the records will provide no basis by which to compare the fees requested by Plaintiff.  However, in his current motion, Plaintiff is seeking attorney fees for the hours spent litigating the appeal.  (ECF No. 211 at 12-13.)  The Ninth Circuit recently addressed whether an order remanding an appeal with the parties to bear their own costs included attorney fees under 42 U.S.C. § 1988, the same statute at issue here.

Taxation of costs on appeal is governed by Federal Rule of Appellate Procedure 39. Family PAC v. Ferguson, 745 F.3d 1261, 1263 (9th Cir. 2014).  The Family PAC court considered the interplay of Rule 39 and section 1988 in determining whether an order on appeal stating that the parties are to bear their own costs included reasonable attorney fees.  745 F.3d at 1263-64.  The court held that "the term 'costs' under Federal Rule of Appellate Procedure 39

does not include attorney's fees recoverable as part of costs under 42 U.S.C. § 1988 and similar statutes." Id. at 1269. Accordingly, Plaintiff may be entitled to attorney fees incurred in litigating the appeal under section 1988.

Plaintiff argues that the undersigned and the Ninth Circuit have already found opposing counsel's records relevant in this action. However, opposing counsel's billing records may be relevant to determining the reasonableness of Plaintiff's fee request. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013). It is at the discretion of the Court whether to rely on opposing counsel's hours in determining the reasonableness of the fee request. Memorandum 5, ECF No. 202 (quoting Gonzalez, 729 F.3d at 1202); Order Denying Motion to Quash 6 (number of hours expended by defense counsel could be deemed to be relevant to determine if Plaintiff's request is excessive). The district court could find that the time spent by defense counsel on appeal bears on the reasonableness of the hours requested by Plaintiff's counsel. While Defendant argues the reasons that the records would not establish the reasonableness of the fees requested by Plaintiff, these issues may be addressed to the district judge. Therefore, the Court rejects Defendant's argument that the request is irrelevant to the current motion for attorney fees.

The subpoena issued September 20, 2016 commands production of "[t]he summary billing record from your office pertaining to the above-entitled action, i.e., the record showing the cumulative hours billed on the case of caption from its inception until present." (ECF No. 209-2 at 5.) However, Defendant asserts, and Plaintiff does not dispute, that Defendant has produced billing records relevant to the attorney fee motion filed in 2014 in response to the prior subpoena. Requiring defense counsel to produce the records requested in the subpoena issued September 20, 2016 would compel production of records already produced. (ECF No. 192.) Therefore, it would be unduly burdensome to require counsel to produce billing records prior to December 31, 2014.

Rule 45(d)(3)(A) provides that the Court "must quash or modify a subpoena" that "subjects a person to undue burden." The subpoena as propounded subjects Defendant to an undue burden by requiring production of records already produced. Therefore, the Court shall

modify the subpoena at issue here, and Defendant is not required to produce records that have previously been produced in response to the prior subpoena.

Accordingly, Defendant's motion to quash is granted in part. Defendant is required to produce responsive billing records for the period from January 1, 2015 through the present.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The hearing set for November 16, 2016, is VACATED and the parties are not required to appear;

2. Defendant's motion to quash, filed October 4, 2016, is GRANTED IN PART as follows:

   a. Within fourteen days from the date of service of this order, Defendant shall produce billing records responsive to the subpoena issued September 20, 2016, for the time period from January 1, 2015 through the present.

IT IS SO ORDERED.

Dated:   **November 15, 2016**

UNITED STATES MAGISTRATE JUDGE